UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>                           Plaintiff,<br><br>      vs.<br><br>AMALIA L. MEZA, CHARLES G. ROGERS, DANIEL F. LINK, LAURA J. BIRKMEYER, DAVID M. GILL, RANDA TRAPP, KATHERINE A. BACALL, JOHN DOE 1–1000, COUNTY CLERKS<br><br>                          Defendants. | Case No.:  3:25-cv-0100-JES-JLB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff Steven Wayne Bonilla ("Plaintiff"), proceeding pro se and currently incarcerated at California Medical Facility, has filed a civil action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. Plaintiff, however, has not filed a Motion to Proceed *In Forma Pauperis* ("IFP") in this matter, nor has he paid the initial civil filing fee required by 28 U.S.C. § 1914(a). For the reasons explained below, the Court dismisses the action.

     **I.**       **FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

      Any person filing a civil case such as this one must pay a filing fee of $405. *See* 28

U.S.C. § 1914(a).[1] The case may go forward without the plaintiff paying the entire filing fee, though, if the court grants him permission to proceed *in forma pauperis*—which means as a person without the money or resources to pay the filing fee. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*"); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

The statute that sets out the rules for this is 28 U.S.C. § 1915(a). Section 1915(a)(2) requires all persons who want to pursue a case without paying the filing fee to file a document called an affidavit. That affidavit must include a statement of all assets, or things of value, the plaintiff possesses and must demonstrate the plaintiff's inability to pay the filing fee. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). This helps the court to evaluate the plaintiff's ability to pay the filing fee.

Plaintiffs who are imprisoned at the time they file their civil case must submit another document as well, called a "trust fund account statement." The Prison Litigation Reform Act ("PLRA") requires imprisoned plaintiffs to submit this "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). "While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA amended the IFP statute to include a carve-out for prisoners:  under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)). Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)–(2)).

---

[1] In addition to the $350 statutory fee, civil plaintiffs must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

Plaintiff has not paid the $405 filing and administrative fee required to begin this civil action. He has also has not submitted a properly supported Motion to Proceed *IFP*. *See Escobedo*, 787 F.3d at 1234. Therefore, his case cannot go forward. *See* 28 U.S.C. § 1914(a); *Andrews,* 493 F.3d at 1051.

## II.   LEAVE TO PROCEED IFP

Even if Plaintiff had filed a Motion to Proceed IFP, the Court finds he is not entitled to do so in this action for the reasons set forth below.

### A.   Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments for the suits or appeals they launch,  *see Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (citing 28 U.S.C. § 1915(b)(1)–(2), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the PLRA also amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This subdivision is commonly known as the "PLRA's 'three strikes' rule." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1054 (9th Cir. 2016). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews,* 398 F.3d at 1116 n.1. The PLRA furthers "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts

1  "review a dismissal to determine whether it counts as a strike, the style of the dismissal or
2  the procedural posture is immaterial. Instead, the central question is whether the dismissal
3  'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v.*
4  *Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615
5  (4th Cir. 2013)).

6  Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g)
7  from pursuing any other IFP action in federal court unless he can show he is facing
8  "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d
9  at 1051–52 (noting Section 1915(g)'s exception for IFP complaints which "make[] a
10 plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at
11 the time of filing."). In addition to being "imminent," that danger must also be "both fairly
12 traceable to unlawful conduct alleged in [the] complaint and redressable by the court." *Ray*
13 *v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

14  **B.**  **Discussion**

15  The Court has reviewed both Plaintiff's Complaint and finds it does not contain any
16 "plausible allegations" to suggest that he "faced 'imminent danger of serious physical
17 injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).
18 Rather, Plaintiff his conviction was the result of a "conspiracy" and "fraud on the court."
19 *See* ECF No. 1 at 3.

20  Plaintiff has not moved to proceed IFP in this case; nevertheless, the Court finds it
21 would be futile for him to do so. While Defendants typically carry the initial burden to
22 produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d
23 at 1119, "in some instances, the district court docket may be sufficient to show that a prior
24 dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a
25 strike." *Id.* at 1120. That is true here.

Based on the dockets of many court proceedings available on PACER,[2] this Court finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are DISMISSED without prejudice and without leave to amend for failure to state a claim upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v. California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 12-0027; *Bonilla v. California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed in forma pauperis in any civil rights action.") (citing *In re Steven Bonilla*, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19)).

Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the three "strikes" permitted by Section 1915(g), and he fails to make any plausible allegation that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of

---

[2] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*, 508 F.3d at 1225 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

abusing the legal system from continuing to abuse it while enjoying IFP status"). When a prisoner-litigant "has accumulated three prior dismissals on statutorily enumerated grounds[,] . . . a court may not afford him *in forma pauperis* status with respect to his additional civil actions." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). This is because "court permission to proceed IFP is itself a matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).

### III.  CONCLUSION

Accordingly, the Court:

1. **DISMISSES** this case based on Plaintiff's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a).

2. **DENIES** Plaintiff's request for judicial notice as moot.

3. **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

4. **DIRECTS** the Clerk of the Court to close the file **and accept no further documents for filings**, except a timely Notice of Appeal, which this Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated:  January 21, 2025

Honorable James E. Simmons Jr.
United States District Judge